**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert J. GULINO, Defendant-Appellant.**

**No. 77–3707.**

United States Court of Appeals,
Ninth Circuit.

Oct. 23, 1978.

Rehearing and Rehearing En Banc
Denied Dec. 21, 1978.

Murray B. Guterson (argued), Culp, Dwyer, Guterson & Grader, Seattle, Wash., for defendant-appellant.

Peter Mair, Asst. U. S. Atty. (argued), Seattle, Wash., for plaintiff-appellee.

Before TRASK and SNEED, Circuit Judges, and SKOPIL,* District Judge.

TRASK, Circuit Judge:

This appeal is by Robert J. Gulino, from a conviction for perjury (giving false testimony before a Grand Jury) in violation of 18 U.S.C. § 1623.[1] Six counts were charged, with a jury finding a verdict of guilty upon three of these.

On November 6, 1975, a federal grand jury in the Western District of Washington began an inquiry into possible federal crimes in the events surrounding the award of a contract for the services of consulting engineers. The Grand Jury was considering whether or not crimes of political corruption or racketeering had occurred under the Hobbs & Travel Acts, Title 18 U.S.C. sections 1951 and 1952, and section 371, and

---

* Honorable Otto R. Skopil, Jr., United States District Judge, for the District of Oregon, sitting by designation.

1. "§ 1623. False declarations before grand jury or court

(a) Whoever under oath . . . in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration . . . . knowing the same to contain any false material declaration, shall be fined not more than $10,-000 or imprisoned not more than five years, or both." 18 U.S.C. § 1623.

whether or not false statements had been made to federal funding agencies under Title 18 U.S.C. § 1001. The events under investigation were in connection with the design of a bridge project in the City of Seattle called the West Seattle Freeway Bridge Project (WSFBP). The firm awarded the project was the Baltimore-based firm of Knoerle, Bender Stone & Associates, Inc. (KBS). KBS ultimately earned approximately one and one-half million dollars on the project, the largest contract ever awarded to a consultant by the City of Seattle.

The selection procedure for WSFBP was complicated, but apparently designed to obtain the best qualified design consultant, solely on the basis of merit, and without regard to considerations of patronage and personal relationships. The procedure was in accordance with the requirements of state and federal funding agencies. To this end, the City of Seattle Engineering Department had developed written, standard operating procedures to be followed in selecting consultants for award of contracts in excess of $10,000. These procedures included a Consultant Selection Board of various civil servant engineers from the City Engineer's Office with the City Engineer as chairman. Appellant Robert J. Gulino was the City Engineer for the City of Seattle.

The Board's responsibility was to review the firms seeking the appointment as consultant and to select the best qualified on the basis of professional competence and particular expertise in the area of the given project. It was to rate those firms and submit its report to the Seattle Design Commission for review and comments. Based on these comments and evaluations, the Board would then limit the field of firms to three, and from the three make its final selection.

The firm of KBS was not among the top three. Upon being told of the ratings, however, Gulino unilaterally announced that he would select the firm of KBS for the project.

There was considerable evidence at trial indicating that Gulino had selected KBS through favoritism rather than on merit.

The first witness called before the Grand Jury was appellant Gulino himself. He was questioned about his participation in making this selection of KBS and about his associations with KBS and political figures in Washington state politics. His testimony formed the basis of his conviction for perjury.

Appellant stated that he had not attended meetings at which persons from KBS and Leonard A. Sawyer, a lawyer and a Washington State legislator, were present and had contact with each other. The government introduced evidence to the contrary. He also made other statements denying having provided special assistance to KBS in their attempts to obtain the contract. The government here also introduced contrary evidence. Finally, he stated that he did not know that Mr. Sawyer represented KBS as their attorney. The government introduced evidence that Gulino knew of this fact during his testimony before the Grand Jury. All of this government testimony sought to prove that the contract was awarded as a result of personal favoritism and not upon the basis of merit.

With respect to the instructions to the jury, appellant takes particular umbrage at instruction number 4 having to do with circumstantial evidence. He objects not so much as to its substantive content but at the thrust of the sentence in the instruction which began, "A defendant may be proven guilty by . . . .."[2] His con-

---

2. "A defendant may be proven guilty by either direct or by circumstantial evidence. Direct evidence is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. Circumstantial evidence is proof of a chain of facts and circumstances which point to the existence of a fact or the commission of an offense.

"The law makes no distinction between the weight to be given direct and circumstantial evidence." Brief for Appellant at 10.

tention is that the language is tantamount to telling the jury that circumstantial evidence may only be used to prove a defendant guilty, without also instructing that such evidence may also be used to prove a defendant not guilty. In *United States v. Nelson,* 419 F.2d 1237 (9th Cir. 1969), this court stated the following on the subject of proper jury instructions regarding circumstantial evidence:

"Thus the trial court properly instructed the jury that 'the law makes no distinction between direct and circumstantial evidence but simply requires *that the jury be satisfied of the defendant's guilt* beyond a reasonable doubt from all the evidence in the case,' including 'such reasonable inferences as seem justified, in the light of your own experience.'" *Id.* at 1241, (emphasis added).

The court's instruction number 4 to the jury on circumstantial evidence plainly followed the above form and was not incorrect. The jury was otherwise properly instructed.

■ Gulino also argues that the trial court admitted as improper hearsay testimony of a conversation between Mr. Sawyer and a Mr. Edward Holland, vice-president of KBS and the person responsible for getting contracts for the firm. We find no merit in this contention. The actual statement of Holland was not offered for the truth of the matter asserted, but to establish that such a call was made, and acted upon. It clearly was not hearsay. The second part of the statement complained of as hearsay was one to the effect that the project was being considered by the City of Seattle. Again, the statement that the bridge project was under consideration was nothing more than the mention of a fact that was a matter of public knowledge. It was the fact that the statement was made, not its truth, that is relevant and material. *United States v. McLennan,* 563 F.2d 943, 947 (9th Cir. 1977). It was not offered to prove the truth of the matter asserted, and thus was not hearsay.

The third basis upon which reversal is sought is that counts I and V are duplicitous.

■ First, we note that appellant failed to object to the indictment on these grounds, thereby failing to comply with Fed.R.Crim.P. 12(d)(2). By so doing, he may be held to have waived the error he now complains of. *United States v. Pheaster,* 544 F.2d 353, 361 (9th Cir. 1976); *United States v. Cluchette,* 465 F.2d 749, 752 (9th Cir. 1972). Moreover, count V is not duplicitous of count I, as clearly appears from a reading of the two charges. Count I is a question addressed to Gulino's knowledge of any contacts between KBS and *state legislators.* Appellant is charged with answering this question falsely. Count V is a question addressed to Gulino's knowledge of and meeting with any *attorneys* who represented KBS. Appellant answered "Not that I can recall." This was followed by a question inquiring if he knew of any Washington State attorneys who had represented KBS, to which he responded with an unequivocal "No."

Appellant relies upon *United States v. Williams,* 552 F.2d 226 (8th Cir. 1977); *United States v. Lazaros,* 480 F.2d 174 (6th Cir. 1973), *cert. denied,* 415 U.S. 914, 94 S.Ct. 1409, 39 L.Ed.2d 468 (1973); *Gebhard v. United States,* 422 F.2d 281 (9th Cir. 1970). We have considered those cases and do not find them apposite in this instance, and reject them for the purpose for which they have been cited. The judgment must be affirmed.

Judgment AFFIRMED.