**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jack Sherman STEWARD,
Defendant–Appellant.**

**No. 92–10513.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 15, 1993.

Opinion Oct. 8, 1993.

Opinion Withdrawn Feb. 4, 1994.

Decided Feb. 4, 1994.

---

**3.** The *Smith* case involved a check-kiting scheme in which there were no funds in the debtor's bank account both before and after the transaction, forcing the Seventh Circuit to engage in mental gymnastics in order to find the necessary diminution of the debtor's estate. *Smith*, 966 F.2d at 1535. Here, Kemp Pacific Fisheries had already established a line of credit with Philip Morris, and thus had sufficient funds in its possession to cover Seafirst's grant of provisional credit.

Atmore L. Baggot, Phoenix, Arizona, for the defendant-appellant.

Paul V. Rood, Assistant United States Attorney, Phoenix, Arizona, for the plaintiff-appellee.

Before: LAY,* Senior Circuit Judge, HUG, and SCHROEDER, Circuit Judges.

## ORDER

The opinion filed October 8, 1993, 7 F.3d 164, is withdrawn.

## OPINION

LAY, Senior Circuit Judge:

Jack Sherman Steward appeals from his convictions for attempting to sell methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846, and use of a firearm in relation to a drug offense, in violation of 18 U.S.C. § 924(c). Steward also appeals his sentence. We affirm the judgment of conviction but vacate the sentence and remand to the district court for resentencing.

Steward was convicted of attempting to sell undercover agent Bernard Zapor of the Bureau of Alcohol, Tobacco, and Firearms one-fourth of a pound of methamphetamine, a Schedule II controlled substance. *See* 21 U.S.C. § 812. The government's evidence at trial revealed that Steward and Zapor discussed a methamphetamine transaction and then met to complete the sale in the parking lot of the Fairfield Inn in Phoenix, Arizona. Officers immediately arrested Steward.

They found a loaded semiautomatic handgun in the waistband of his pants. Subsequent analysis of the drugs determined that the substance Steward provided the undercover agent was not methamphetamine. Instead, it was ephedrine, a substance used in the manufacture of methamphetamine. Possession of ephedrine is illegal in certain circumstances.[1] Additional ephedrine was found in Steward's hotel room.

At trial the government proceeded under a theory that Steward had been duped when he purchased the drugs earlier that same day. The prosecutor argued Steward thought he was selling methamphetamine and therefore was guilty of attempting to sell methamphetamine. Steward's attorney, however, argued that although Steward may have been guilty of fraud he did not attempt to sell methamphetamine.

*Duplicitous Charge*

■ Steward initially argues Count I of the indictment is duplicitous because it charges him with violations of both 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. Section 841 is a general prohibition on the sale of narcotics; § 846 is an attempt statute. Steward claims both encompass attempt.[2] Section 841(a)(1) addresses attempt only by taking a lengthy, circuitous route through several of the statute's definitional provisions. Even if Steward had brought this motion properly,[3] there is no difference, on the facts of this case, between § 841(a)(1) attempt and § 846

---

* Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

1. Congress has criminalized possession of ephedrine "with intent to manufacture a controlled substance," 21 U.S.C. § 841(d)(1), or with intent to distribute knowing or having reason to know the substance will be used to manufacture a controlled substance, 21 U.S.C. § 841(d)(2).

Ephedrine, however, is not a "controlled substance" as that term is defined by statute. Federal statutes define "controlled substance" as "a drug or other substance, or immediate precursor, included in schedule I, II, III, IV, or V of part B of this title." 21 U.S.C. § 802(6). Ephedrine is not an immediate precursor. *See* 21 U.S.C. § 802(22); 21 C.F.R. § 1308.12(g)(1). Ephedrine is also not included in schedules one through five. Further, the statute expressly lists ephedrine as a "listed precursor chemical." 21 U.S.C. § 802(34)(C); *see also* 21 C.F.R. § 1310.-02(a)(3). The statute defines "listed precursor

chemical" as a chemical "used in manufacturing a controlled substance." 21 U.S.C. § 802(34). Since ephedrine is "used in manufacturing a controlled substance," it is not, by itself, a controlled substance. This court has previously reached this conclusion, stating, "Ephedrine is not a controlled substance." *United States v. Bertrand*, 926 F.2d 838, 845 (9th Cir.1991).

2. Steward also argues in the alternative that he could not be convicted of attempting to sell methamphetamine since 21 U.S.C. § 841(a)(1) does not contain the word attempt. However, this ignores the indictment's reference to the attempt provisions of 21 U.S.C. § 846.

3. Steward failed to raise this argument at the trial court and thus waived the error. *United States v. Gulino*, 588 F.2d 256, 258 (9th Cir. 1978).

attempt. Steward was on notice of the nature of the charges against him; his defense did not depend on which statute was used; he received only one sentence on the drug charge. In short, there was no error.

*Attempted Sale*

■ Steward next argues that because he completed a sale of ephedrine, he cannot be convicted for an attempted sale of methamphetamine. We rejected a similar argument in *United States v. Quijada*, 588 F.2d 1253, 1255 (9th Cir.1978), in which we upheld a defendant's conviction for attempted sale of cocaine. Laboratory analysis of the substance in *Quijada* determined that it was lidocaine hydrochloride, which resembles cocaine, but is not a controlled substance.[4] Steward suggests that Congress intended § 846 to cover only those crimes not already covered by other criminal prohibitions, but nothing he points to in the legislative history supports his contention. There is also no support for Steward's proposition that one who commits a substantive offense cannot also be guilty of a lesser-included inchoate offense. We agree with the Tenth Circuit's holding that it is "of no consequence" that the "government went beyond the proof required for an attempt, and established the substantive offense as well." *United States v. Remigio*, 767 F.2d 730, 733 (10th Cir.), *cert. denied*, 474 U.S. 1009, 106 S.Ct. 535, 88 L.Ed.2d 465 (1985).

*Court Instructions*

■ Steward argues he has been denied a sufficient basis for appeal because the court reporter failed to make a contemporaneous record of jury instructions. Instead, the court reporter noted in the record that "the instructions were read to the jury and spread upon the record as follows." The court reporter also placed a copy of the trial judge's written instructions in the record. In prior cases addressing allegations of improper recording, we have required a showing of prejudice, *United States v. Anzalone*, 886 F.2d 229, 232 (9th Cir.1989), but Steward has alleged none here. Steward's counsel had the opportunity to object at trial had the district judge materially varied from the written text when reading the prepared instructions. He did not do so. Given the absence of any showing of prejudice, we affirm on this point.

*Section 924(c)*

■ Steward argues that the district court erred in instructing the jury that 18 U.S.C. § 924(c) requires only that the defendant "knowingly used or carried a handgun while committing the crime." Steward argues this instruction was inadequate because the statute requires use of the weapon "during and in relation to" the drug crime. *See United States v. Stewart*, 779 F.2d 538 (9th Cir. 1985). However, Steward failed to object to the instructions in this manner at trial. In *Stewart*, we held that it is plain error to fail to instruct on the relationship between the firearm and the underlying crime "where there is a significant possibility the jury might have acquitted if it had considered the matter." *Id.* at 540; *see also United States v. Ramos*, 861 F.2d 228, 231 (9th Cir.1988). In *Stewart*, there was a significant possibility of acquittal because the gun was not found in the location where the defendant manufactured drugs. Here, however, there is little likelihood of acquittal because the defendant was carrying a loaded, semi-automatic pistol in his pants while participating in a drug

---

4. As in this case, the trial judge instructed jurors in *Quijada* that they could convict the defendant only if they determined the defendant believed the substance involved was cocaine. 588 F.2d at 1254. In his appeal, Quijada argued that he should be acquitted under an impossibility theory. We concluded that "an individual may be convicted of an attempt to distribute cocaine when the substance he offers to sell is a noncontrolled substance rather than cocaine." *Id.* We stated:

We can only say that generally a defendant should be treated in accordance with the facts as he supposed them to be. The fact that the pocket was empty should not insulate the pickpocket from prosecution for an attempt to steal.

*Id.* at 1255. Similarly, the Third Circuit scrutinized the legislative history of the § 846 and concluded that Congress "intended to eliminate the defense of impossibility when it enacted section 846." *United States v. Everett*, 700 F.2d 900, 904 (3d Cir.1983). The Third Circuit observed that several other circuits have concluded that impossibility is no defense under § 846. *See id.* at 904 n. 8 (citing cases).

transaction. In addition, the "during and relating to" requirement was spelled out fully elsewhere in the instructions. Thus, there was no plain error.

*Sentencing*

██ Steward argues that the trial court misapplied the United States Sentencing Guidelines by focussing on the amount of methamphetamine that was the subject of the attempt rather than the amount of ephedrine that Steward actually transferred.[5] This argument ignores the plain language of § 846, which states that "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."[6] In addition, it ignores Steward's statements to the undercover officer agreeing to sell him one-fourth of a pound of methamphetamine. It also overlooks the fact that the sale of ephedrine is illegal only as a precursor chemical. 21 U.S.C. § 841(d). There is no evi-

dence that Steward intended the ephedrine to be used in the manufacture of a controlled substance, as required by § 841(d). Thus, the guidelines table for ephedrine is inapplicable here.[7] The application notes to section 2D1.1 of the guidelines[8] address attempted sales of narcotics that are not completed. Application note twelve states:

> In an offense involving negotiation to traffic in a controlled substance, the weight under negotiation in an uncompleted distribution shall be used to calculate the applicable amount. However, where the court finds that the defendant did not intend to produce and was not reasonably capable of producing the negotiated amount, the court shall exclude from the guideline calculation the amount that it finds the defendant did not intend to produce and was not reasonably capable of producing.

Steward was not capable of delivering methamphetamine to the undercover agent because he had none. However, the jury verdict forecloses the conclusion that he did not intend to sell methamphetamine.[9] In *United*

---

**5.** Steward points to our decisions in *United States v. Ramirez–Ramirez*, 875 F.2d 772 (9th Cir.1989), and *United States v. Lopez–Martinez*, 725 F.2d 471 (9th Cir.), *cert. denied*, 469 U.S. 837, 105 S.Ct. 134, 83 L.Ed.2d 74 (1984). These cases are the converse of this case. In each case, the defendant claimed that he thought he was carrying marijuana but actually was carrying a more serious narcotic. We held that "a mistake of fact as to the controlled substance carried was not a defense to knowing possession." *Ramirez–Ramirez*, 875 F.2d at 773. Neither case addresses sentencing matters, but in *Ramirez–Ramirez* we addressed the defendant's argument that

> jury affidavits should be admitted to show that the jurors did not believe Ramirez–Ramirez knew he had cocaine rather than marijuana in his possession. Again, this finding would not affect the verdict *or the sentence* in this case.

*Id.* at 775 (emphasis added); *see also United States v. Owens*, 904 F.2d 411, 414–15 (8th Cir. 1990) (when defendant is charged with conspiring to sell either of two drugs, jury must fix which of the drugs was the object of the conspiracy in order for the trial judge to sentence on the drug yielding a longer prison term). There is no other reference to sentencing in the *Ramirez–Ramirez* decision; *Ramirez–Ramirez* did not appeal his sentence. Unlike Steward, the defendant in *Ramirez–Ramirez* was not charged with or convicted of attempt. Since the jury made an express finding here that Steward did negotiate and attempt to sell one-fourth of a pound of

methamphetamine, *Ramirez–Ramirez* and similar cases are not helpful.

**6.** In addition, the Guidelines at the time Steward was sentenced stated:

> Base Offense Level: If a defendant is convicted of a conspiracy or an attempt to commit any offense involving a controlled substance, the offense level shall be the same as if the object of the conspiracy or attempt had been completed.

U.S.S.G. § 2D1.4 (commentary) (deleted effective Nov. 1, 1992).

**7.** Taking Steward's argument to its logical conclusion, the sentencing tables would be inapplicable in a situation in which the drug actually passed off was not a controlled substance. This would be in conflict with our decision affirming the conviction in *United States v. Quijada*, 588 F.2d 1253 (9th Cir.1978).

**8.** At the time Steward was sentenced this commentary was codified under § 2D1.4.

**9.** In *United States v. Myers*, 993 F.2d 713, 715–16 (9th Cir.1993), we held that a defendant convicted of conspiracy to manufacture methamphetamine should be sentenced under § 2D1.1's methamphetamine tables even though the defendant was arrested with ephedrine. We relied in that case on § 2D1.11's cross-reference to § 2D1.1 for manufacturing cases, which directs trial judges to apply the higher penalties of

*States v. Barnes,* 993 F.2d 680 (9th Cir.1993), we held that the burden is on the defendant to show *"both* lack of intent and lack of capability." *Id.* at 682 n. 1. Thus, section 2D1.1 does not assist Steward.

 Steward additionally argues that the trial court erred in sentencing him to a mandatory minimum five-year term under 21 U.S.C. § 841(b)(1)(B)(viii). That subsection requires a minimum of a five-year sentence for violations involving "100 grams or more of a mixture or substance containing *a detectable amount of methamphetamine,* its salts, isomers, or salts of its isomers." (emphasis added). Steward argues that this subsection is inapplicable because the drugs he sold did not contain any methamphetamine or any of the other listed substances. We would agree.

As the government points out in its brief, however, there is no indication that the trial judge utilized the mandatory minimum in sentencing Steward; the district court stated in sentencing Steward that it was following the recommendation of the guidelines. The court stated:

> The Court finds under the guidelines that Count 1 is the guideline number 2D1.1(a)(sic)(3)(c) subparagraph 9, an attempt to sell 194.4 grams of methamphetamine, which is an offense level of 26. Criminal history category of 1. I will give the 2 point reduction for the acceptance of responsibility, which puts it in an offense level of 24, which puts it into the 51 to 63–month range.... So the Court is going to impose as to Count Number 1, I'm not going to depart downward, I'm going to impose 60 months.... (RT Vol. VI 442).

§ 2D1.1 "[i]f the offense involved unlawfully manufacturing a controlled substance, or attempting to manufacture a controlled substance unlawfully." § 2D1.11(c)(1). In this case, there is no evidence of manufacturing, thus this guideline does not apply.

**10.** The court gave the defendant a two-point reduction of the offense level for acceptance of responsibility.

**11.** Application Note 1 states:
The principles and limits of sentencing accountability ... are not always the same as the principles and limits of criminal liability. Un-

 Steward also contends the trial judge erred in his sentence in including in the overall quantity of drugs the ephedrine found in his motel room. We agree that the drugs found in Steward's room are not relevant to his attempt to sell one-fourth of a pound of methamphetamine to an undercover agent, the charged conduct. We find the trial judge therefore was incorrect in including in the consideration of his sentence that Steward attempted to sell 194.4 grams of methamphetamine. The court should have considered only 111.4 grams, which is the equivalent of one-fourth of a pound of methamphetamine and the amount Steward stated he was attempting to sell. The government urges that this should be harmless error because the quantity of methamphetamine that Steward attempted to sell would still be between 100 grams and 400 grams, and under the Sentencing Guidelines the offense level would remain unchanged at twenty-six.

We agree with the government that the base offense level of twenty-six would not be changed because the quantity of methamphetamine that Steward attempted to sell was in excess of 100 grams. However, we have no way of knowing whether the trial judge sentenced Steward at the upper end of the sentencing range in the offense level of twenty-four because the quantity of drugs was considered to be greater than it should have been.[10] Reducing the quantity of drugs involved may well alter, in the mind of the sentencing judge, the actual sentence to be rendered. *See* U.S.S.G. § 1B1.3, Application Note 1.[11] On the basis of the above reasoning, we find that the sixty-month sentence given to Steward should be vacated and the matter remanded to the trial court for resentencing.[12]

der subsections (a)(1) and (a)(2), the focus is on the specific acts and omissions for which the defendant is to be held accountable in determining the applicable guideline range, rather than on whether the defendant is criminally liable for an offense as a principal, accomplice, or conspirator.
U.S.S.G. § 1B1.3, Application Note 1.

**12.** Steward also contends that the trial judge erred in directing him to serve five years on the drug charges, five years on the gun charge, and then five years of supervised release stemming from the drug charges. Steward argues that the supervised release should be wedged in between

For the above reasons, the judgment of conviction is affirmed; the sentence is vacated and remanded to the district court for further proceedings in accord with this opinion.

his prison time on the drug sentence and on the gun charge. We disagree. The purposes of consecutive sentencing under 18 U.S.C. § 924(c) would be ill served by permitting a defendant to go free on supervised release before serving a consecutive sentence.