43 F.3d 1480
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff/Appellee,
v.
Carlos MUNOZ, Defendant/Appellant.
 No. 93-50490.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 6, 1994.
Decided Dec. 14, 1994.
 
 Before: BROWNING, ALDISERT* and GOODWIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This is an appeal from the conviction of Carlos Munoz for attempted bank robbery, conspiracy to commit bank robbery, and carrying a firearm during a crime of violence. Munoz raised five issues on appeal, three of which have already been addressed by us in the appeal of Munoz's co-defendants, Trina Devay Harper and Aziz Sharrieff, United States v. Harper, 33 F.3d 1143 (9th Cir.1994).
 
 
 3
 Jurisdiction was proper in the trial court based on 18 U.S.C. Sec. 3231. This court has jurisdiction under 28 U.S.C. Sec. 1291. Appeal was timely filed under Rule 4(b) of the Federal Rules of Appellate Procedure.
 
 
 4
 To the extent Munoz challenges the trial court's application of the "Arizona blind strike" method of jury selection, we affirm the district court on the basis of the reasoning of the court in Harper, 33 F.3d at 1146. To the extent Munoz argues that there was insufficient evidence to sustain his conviction of attempted bank robbery, we reverse the conviction for the reasons set forth in Harper, 33 F.3d at 1148. To the extent Munoz contends there was insufficient evidence to sustain his conviction of conspiracy to commit bank robbery and the use of a firearm, we affirm the district court for the reasons set forth in Harper, 33 F.3d at 1149-50. Finally, to the extent Munoz argues the court committed plain error in giving an instruction to the jury on the firearm count, we conclude that no plain error occurred for the reasons set forth in Harper, 33 F.3d at 1150.
 
 
 5
 Accordingly we need address Munoz's arguments that the district court erred in holding that he could be impeached with a prior state conviction if he testified and in increasing his base offense level by two points for robbery of a financial institution pursuant to U.S.S.G. Sec. 2B3.1(b)(1).
 
 I.
 
 6
 At trial, the government filed a Notice of Intent to Impeach Defendant Carlos Munoz With Prior Convictions. Munoz had been convicted in state court of assault with a deadly weapon or force likely to cause great bodily injury. Munoz objected, arguing that the conviction in question should be construed as a misdemeanor rather than a felony, thereby precluding its use for impeachment purposes. After review of the sentencing document, the district court was persuaded that Munoz's prior offense constituted a felony conviction under California law and consequently concluded, "if the defendant Munoz wishes to testify, he will be subject to questioning concerning the prior felony conviction." R.T. 6/12/93 at 483. After the court's ruling Munoz declined to testify.
 
 
 7
 Munoz may not appeal the impeachment decision because he did not testify and was not actually impeached. In order to preserve the right to appeal a court's decision to allow impeachment, the defendant must testify. Luce v. United States, 469 U.S. 38, 43 (1984); Galindo v. Ylst, 971 F.2d 1427, 1429 (9th Cir.1992), cert. denied, 113 S.Ct. 2351 (1993). The rationale behind Luce is that the dispute must be placed in a concrete factual setting in order for the appeals court to determine whether or not the district court erred by allowing impeachment. Until such impeachment occurs, any possible harm flowing from the district court allowing impeachment is "wholly speculative." Luce, 469 U.S. at 41. Because Munoz did not testify, we will not disturb the district court's decision to allow impeachment.
 
 II.
 
 8
 Appellant's contention that the district court erred in increasing his base offense level by two points for robbery of a financial institution pursuant to U.S.S.G. Sec. 2B3.1(b)(1)(A) was not raised at trial and is therefore reviewed for plain error. United States v. Olano, 113 S.Ct. 1770, 1776 (1993); United States v. Steward, 16 F.3d 317, 320 (9th Cir.1994).
 
 
 9
 We did not consider this issue in Harper. As noted in the Pre-Sentence Investigation Report (PSI), the base offense level for robbery under the Sentencing Guidelines is 20 points. U.S.S.G. Sec. 2B3.1(a). The base offense level for conspiracy to commit robbery is the same as the substantive offense. U.S.S.G. Sec. 2X1.1(a). The PSI recommended an increase of two points to Munoz's sentence level because "the property of a financial institution ... was an object of the offense." U.S.S.G. Sec. 2B3.1(b)(1). Because Munoz lodged no objections to the factual statements contained in the PSI, the district court adopted those statements as findings of fact and calculated the base offense level for conspiracy to rob a financial institution to be 22.
 
 
 10
 Our reversal of Munoz's attempt conviction does not invalidate the increase, as the version of Section 2B3.1(b)(1) in effect at the time of his sentencing clearly authorizes a two point increase if a bank was "the object of" the conspiracy. The 1989 Guidelines authorize a two point increase "[i]f the offense involved robbery or attempted robbery of the property of a financial institution." Under the old Section 2B3.1(b)(1), it would appear that a conviction for conspiracy to rob a financial institution could not support a two point increase. However, Munoz was sentenced in 1993, and by that time the Guidelines were amended to authorize a two point increase in a case such as Munoz's where the offense is conspiracy. Consequently, the applicable Section 2B3.1 two point increase applies to Munoz's conviction for conspiracy to commit armed bank robbery of the Bank of America because the property of a financial institution was the object of the conspiracy.
 
 III.
 
 11
 We have considered all arguments advanced by the parties and conclude that no further discussion is necessary.
 
 
 12
 The judgment of the district court is AFFIRMED except for that portion of the judgment relating to the conviction for attempted bank robbery. That count is REVERSED and the proceedings are REMANDED for resentencing.
 
 
 
 *
 Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3