105 F.3d 667
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jack Sherman STEWARD, Defendant-Appellant.
 No. 94-10333.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 13, 1996.
Decided Dec. 23, 1996.
 
 Before: BROWNING, ALDISERT* and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 A jury convicted Steward of attempt to distribute methamphetamine and possession of a firearm in relation to a drug offense. In a previous appeal, Steward challenged his convictions and sentences on both counts. This court affirmed Steward's convictions but vacated his sentence for attempted distribution. We determined that the court improperly considered quantities of the substance found in his hotel room and we remanded for resentencing. United States v. Steward, 16 F.3d 317 (9th Cir.1994).
 
 
 3
 At resentencing, Steward's counsel argued that Steward should be sentenced under the Sentencing Guidelines' provisions for ephedrine, not methamphetamine. The court rejected this argument because it had already been addressed on appeal.
 
 
 4
 Steward also spoke on his own behalf at resentencing, arguing that the district court had a duty to determine whether D-methamphetamine or L-methamphetamine was involved in his crime. The court refused to address this issue. After excluding from its calculations the amount of methamphetamine found in Steward's hotel room, the court imposed a sentence of 53 months for attempted distribution. Steward appeals this sentence.
 
 I.
 
 5
 Steward first argues that the district court erred in sentencing him under the Guidelines' provisions for methamphetamine offenses, instead of ephedrine. This issue was presented in his first appeal and decided by us:
 
 
 6
 Steward argues that the trial court [erred] by focussing on the amount of methamphetamine that was the subject of the attempt rather than the amount of ephedrine that Steward actually transferred. This argument ignores the plain language of § 846, which states that "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." ... It also overlooks the fact that ephedrine is illegal only as a precursor chemical. 21 U.S.C. § 841(d).
 
 
 7
 16 F.3d at 321. Our previous ruling is the law of this case. Leslie Salt Co. v. U.S., 55 F.3d 1388, 1392 (9th Cir.1995), cert. denied, 116 S.Ct. 407 (1995).
 
 II.
 
 8
 Steward next argues that the district court erred when it refused to make a factual finding as to the type of methamphetamine involved in his offense. There are two types (isomers) of methamphetamine: L-methamphetamine and D-methamphetamine. L-methamphetamine produces little or no effect when ingested, whereas D-methamphetamine produces a high. See United States v. McMullen, No. 95-36031, slip op. at 6 (9th Cir. Oct. 23, 1996). The Sentencing Guidelines in effect during Steward's sentencing treated L-methamphetamine much less severely than D-methamphetamine. See U.S.S.G. § 2D1.1, comment. (n. 10) (Nov. 1, 1992). The sentence for D-methamphetamine was either 25 or 250 times greater than the sentence for L-methamphetamine, depending upon the purity of D-methamphetamine involved in a particular offense. Id. The Guidelines have since been amended to eliminate any distinction between D- and L-methamphetamine. See U.S.S.G. § 2D1.1 (Nov. 1, 1995).
 
 
 9
 Two significant circumstances were present at the sentencing hearing in this case:
 
 
 10
 . The Appellant raised the specific issue as to the methamphetamine type.
 
 
 11
 . The district court made no finding regarding methamphetamine type.
 
 
 12
 A sentencing court should make clear on the record its resolution of all disputed matters, and specific findings of fact are encouraged. United States v. Ing, 70 F.3d 553, 557 (9th Cir.1995). In United States v. Dudden, 65 F.3d 1461 (9th Cir.1995), we imposed upon the government the burden of proving methamphetamine type at sentencing. As in the case at bar, Dudden challenged at sentencing the contention that D-methamphetamine was involved. The government offered some affidavits about methamphetamine types in general, but introduced no evidence regarding the particular type of methamphetamine involved in Dudden's offense. On appeal we reversed the district court's determination that D-methamphetamine was used:
 
 
 13
 It is the government's burden to present evidence sufficient for the district court to find, by a preponderance of the evidence, that the drug involved was D-methamphetamine ... We agree with the Eleventh Circuit that "[t]here must be proof ... to justify the added deprivation of liberty that follows the scoring of the drug as D-methamphetamine."
 
 
 14
 Dudden, 65 F.3d at 1470-71 (citations omitted).
 
 
 15
 It follows from Dudden that when the defense raises the issue, the court must make a finding that D-methamphetamine was involved before it imposes the higher sentence for that substance. In the case at bar, although the defendant specifically raised the issue, the court failed to make a finding. This was error. The record discloses the extent of the trial court's comments:
 
 
 16
 This case has already been concluded on the facts of the case and the jury had made the determination that you were found guilty of an attempt to distribute methamphetamine. And the Court was the only one that erred in determining the quantity. But the rest of it is--the Court has ruled on it. The circuit has ruled on it....
 
 
 17
 E.R. at 19. The government concedes that the court made no explicit finding regarding the type of methamphetamine. Appellee Br. at 13. Accordingly, we conclude that because Steward raised the issue at sentencing, the court was obliged to make a finding.
 
 
 18
 We have considered all arguments advanced by the parties and have concluded that no further discussion is necessary. AFFIRMED in part, the sentence VACATED and proceedings REMANDED for resentencing following a factual finding on the type of methamphetamine involved.
 
 
 
 *
 Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36-3