105 F.3d 667
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sage APPEL, aka Neal Evan Dry, Defendant-Appellant.
 No. 95-10387.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 12, 1996.
Decided Dec. 31, 1996.
 
 Before: WOOD,* CANBY, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Defendant Sage Appel appeals the sentence imposed after she pleaded guilty to conspiracy to possess LSD with intent to distribute and possession of LSD with intent to distribute, in violation of 21 U.S.C. §§ 846, 841(a)(1). Appel argues on appeal that the district court should have departed downward on her mandatory sentence of 120 months because of sentencing entrapment or sentencing manipulation. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(b). We affirm because Appel has not shown that sentencing entrapment or manipulation occurred in this case.
 
 
 3
 We will not repeat the facts here because the parties are familiar with them. We do not review a district court's discretionary decision not to depart from the Sentencing Guidelines. United States v. Lam, 20 F.3d 999, 1001 (9th Cir.1994). We may review de novo, however, a decision by the district court that a particular ground of departure is impermissible as a matter of law. Id. Appel argues that the district court believed it could not downward depart under the precedent of this Circuit. We will assume for purposes of decision that the district court was of the view that, under the facts as it found them, it was without power to depart downward. We review that decision de novo, and review the district court's underlying factual findings for clear error. Id.; see United States v. Basinger, 60 F.3d 1400, 1409 (9th Cir.1995).
 
 
 4
 Appel contends that the government engaged in sentencing entrapment by inducing her to make a final, larger-than-usual purchase of 40 grams of LSD. We have held that sentencing entrapment may be a proper basis for a downward departure at sentencing. United States v. Baker, 63 F.3d 1478, 1500 (9th Cir.1995), cert. denied, 116 S.Ct. 824 (1996). "Sentencing entrapment ... occurs when a defendant, although predisposed to commit a minor offense or lesser offense, is entrapped into committing a greater offense subject to greater punishment." Id. (internal quotations omitted); see also U.S.S.G. § 2D1.1, comment. (n. 15) (Nov. 1995) (downward departure under Sentencing Guidelines may be warranted in reverse sting operation when government induces defendant to buy larger than normal amount of drugs by setting price substantially below normal market value). To sustain a claim of sentencing entrapment, a defendant must demonstrate both the lack of intent and the lack of capability to produce the quantity of drugs at issue. United States v. Naranjo, 52 F.3d 245, 250 n. 13 (9th Cir.1995); see also United States v. Steward, 16 F.3d 317, 321-22 (9th Cir.1994).[1]
 
 
 5
 Here, the district court analyzed the applicable law regarding sentencing entrapment and applied it to Appel's case. The court stated:
 
 
 6
 [T]here was no sentencing entrapment as there was no unwarranted pressure on defendant by government agents to increase the amount of drugs sold so as to result in a higher sentence. In fact, Appel, herself, with no pressure from the DEA agents was the cause of the final large sale of 40 grams of LSD.... The defendant clearly had both the intent and the capability to produce the 40 grams of LSD.
 
 
 7
 * * *
 
 
 8
 * * *
 
 
 9
 ... Defendant was not predisposed to commit a lesser offense and was then entrapped to commit a greater offense....
 
 
 10
 * * *
 
 
 11
 * * *
 
 
 12
 [T]he government was not making cumulative purchases from Appel for purposes of manipulating her sentence but for valid investigatory reasons.
 
 
 13
 The factual findings of the district court are supported by the record and are not clearly erroneous. Appel suggested to the agents that she could sell them 40 grams of LSD, and she did in fact produce 40 grams for sale. Appel clearly failed to show that she lacked the intent or capability to make a 40-gram sale. Her sentencing entrapment claim accordingly fails. See Naranjo, 52 F.3d at 250 n. 13.
 
 
 14
 Appel also contends that she was eligible for downward departure on the ground of sentencing manipulation. By sentencing manipulation she means an improper prolonging of the investigation by the government in order to multiply the number of sales and thereby subject her to a greater sentence. See Baker, 63 F.3d at 1499-1500. We need not address the status of sentencing manipulation under our circuit law, see id. at 1500, because we conclude that the district court properly determined that no such manipulation occurred. While this investigation did continue for what may have been an unusually long time, almost four years, we do not find erroneous the district court's finding that the agents continued making purchases from Appel because they were trying to gain more information about the drug organization, including the identity of the source of the drugs. See United States v. Okey, 47 F.3d 238, 240 (7th Cir.1995) (rejecting defendant's claim of sentencing entrapment because he failed to show that government improperly prolonged investigation to increase his sentence); United States v. Barth, 990 F.2d 422, 425 (8th Cir.1993) (same). This primary, legitimate motive for the government's extension of the investigation defeats Appel's claim of sentencing manipulation. See United States v. Harris, 997 F.2d 812, 819 (10th Cir.1993) (finding of "outrageous government conduct" violative of defendant's due process rights supported only when government agents "carry out multiple transactions with the primary purpose of stacking charges").
 
 The judgment of the district court is
 
 15
 AFFIRMED.
 
 
 
 *
 The Honorable Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We decline Appel's invitation to adopt a new "totality of the circumstances" test to evaluate whether sentencing entrapment has occurred