129 F.3d 128
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lorenzo NARANJO, Defendant-Appellant.
 No. 96-10259.
 United States Court of Appeals, Ninth Circuit.
 Submitted November 4, 1997.**
Filed Nov. 6, 1997.
 
 Appeal from the United States District Court for the Northern District of California, D.C. No. CR-92-20081-RMW; Ronald M. Whyte, District Judge, Presiding.
 Before HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Lorenzo Naranjo appeals his 84-month sentence following resentencing by the district court for conspiracy to distribute two kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1) and 846. We remanded this case to the district court for resentencing with instructions to provide specific factual findings to support a ruling that Naranjo did not prove sentencing entrapment. See United States v. Naranjo, 52 F.3d 245, 251 (9th Cir.1995). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Naranjo contends that the district court erred by finding that Naranjo had the intent and resources to buy two kilograms of cocaine. Specifically, Naranjo contends that he only had the intent and resources to buy one kilogram of cocaine. This contention lacks merit.
 
 
 4
 We review the district court's findings of fact underlying a sentencing decision for clear error. See United States v. Parrilla, 114 F.3d 124, 126 (9th Cir.1997). The defendant has the burden of proving sentencing entrapment. See United States v. Steward, 16 F.3d 317, 321-22 (9th Cir.1994).
 
 
 5
 Here, the evidence showed that Naranjo had the intent to take and pay for two kilograms on June 10, 1992, when he agreed to a five kilogram deal with Agent Ramirez agreeing to pay for two up front, and the additional three in two days. The evidence also showed that Naranjo had enough money for a kilogram of cocaine at $18,500, and he was depending on Strini to take three of the five kilograms. Accordingly, Naranjo did not meet the burden of showing that he lacked the intent or capacity to participate in a conspiracy involving at last two kilograms, see Steward, 16 F.3d at 321-22, and the district court did not clearly err by finding that Naranjo had the intent and resources to buy two kilograms of cocaine, see Parrilla, 114 F.3d at 126.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Accordingly, appellant's request for oral argument is denied. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3