UNITED STATES of America,
Plaintiff—Appellee,

v.

Jose Carlos GARCIA, Defendant—
Appellant.

No. 00–50120.

D.C. No. CR–99–00661–LEW–02.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 6, 2002.

Decided March 13, 2002.

Before PREGERSON, FISHER and
TALLMAN, Circuit Judges.

MEMORANDUM *

Jose Carlos Garcia appeals his jury conviction and sentence for (1) conspiracy to possess and distribute methamphetamine and heroin, and (2) possession with intent to distribute heroin in violation of 21 U.S.C. §§ 846 and 841(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

In evaluating Garcia's arguments regarding the sufficiency of the evidence supporting his conviction, we must determine whether, when "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Herrera–Gonzalez,* 263 F.3d 1092, 1095 (9th Cir.2001) (quotations omitted).

To establish the existence of a drug conspiracy, the Government was required to prove that there was "(1) an agreement to accomplish an illegal objective, and (2) the intent to commit the underlying offense." *Id.*

After carefully reviewing the record on appeal, we conclude that there is substantial evidence supporting Garcia's drug conspiracy conviction. *See, e.g., United States v. Montgomery,* 150 F.3d 983, 1001–2 (9th Cir.1998)(upholding conviction for drug

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as may be provided by NINTH CIRCUIT RULE 36–3.

conspiracy based largely on circumstantial evidence); *United States v. Iriarte–Ortega,* 113 F.3d 1022, 1024–25 (9th Cir.1997)(upholding drug conspiracy conviction based on "defendants' long list of coordinated actions").

To convict Garcia of possession with intent to distribute heroin, the Government was required to prove that he (1) knowingly (2) possessed heroin (3) with the intent to distribute it. *United States v. Cervantes,* 219 F.3d 882, 893 (9th Cir.2000). Both knowledge and intent may be inferred from possession of a large quantity of drugs. "Possession may be joint or individual, and either actual or constructive." *Id.* Possession may also be "proved circumstantially, by proof of exclusive dominion or of some special relationship to the [drug] or persons who directly control it." *United States v. Ocampo,* 937 F.2d 485, 489 (9th Cir.1991).

Again, the record contains sufficient evidence to uphold Garcia's possession conviction. *See, e.g., United States v. Gutierrez,* 995 F.2d 169, 172 (9th Cir.1993)(affirming possession conviction where car's backseat obviously concealed contraband, holding "[i]t would tax credulity to assert that [defendant] was sitting on top of a pistol without knowing of its presence"); *Reyes–Alvarado,* 963 F.2d 1184, 1188 (9th Cir.1992)(affirming possession conviction where defendant drove car with contraband, was present during its sale, and coconspirator identified defendant as "right-hand man to the ringleader"). The jury's verdict was adequately supported by the evidence adduced at trial.

The district court's factual finding regarding drug quantity for purposes of sentencing is reviewed for clear error, but must be supported by a preponderance of the evidence. *United States v. Scheele,* 231 F.3d 492, 497 (9th Cir.2000).

Where an offense involves an agreement to sell a controlled substance in violation of federal law, sentencing courts are instructed to use the "agreed-upon quantity" to determine the defendant's offense level. U.S.S.G. § 2D1.1 cmt. 12 (2001). If a defendant establishes that he "did not intend to provide, or was not reasonably capable of providing, the agreed-upon quantity of the controlled substance, the court shall exclude from the offense level determination the amount of controlled substance that the defendant establishes he or she did not intend to provide or was not reasonably capable of providing." *Id.* Garcia bears the burden of establishing lack of intent or capability. *United States v. Steward,* 16 F.3d 317, 321–22 (9th Cir. 1994).

The district court did not clearly err. The record contains sufficient evidence to support the district court's conclusion that the agreed-upon amount of methamphetamine was twenty pounds, and Garcia failed to present clear and convincing evidence that he lacked either the intent or the capability to deliver twenty pounds of methamphetamine, albeit in five-pound installments.

AFFIRMED.

