70 F.3d 1280
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leonardo BENNETT, Defendant-Appellant.
 No. 94-56582.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 15, 1995.
Dec. 1, 1995.
 
 Before: BOOCHEVER, T.G. NELSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Bennett appeals the denial of his section 2255 motion. We review de novo. Frazer v. United States, 18 F.3d 778 (9th Cir.1994).
 
 
 3
 Bennett challenges sufficiency of the evidence. We are required to view all of the evidence in the light most favorable to the government, United States v. Spetz, 721 F.2d 1457 (9th Cir.1983), assuming that the trier of fact resolved disputes in favor of the government's evidence. United States v. Garza, 980 F.2d 546, 552 (9th Cir.1992), and affirm if any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. United States v. Shortt Accountancy Corp., 785 F.2d 1448 (9th Cir.1986).
 
 
 4
 Agent Jordan testified that Bennett sold him crack. Bennett testified that he did not. The trier of fact could have believed Agent Jordan. That they called the crack "product" need not have generated a reasonable doubt in the trier of fact. Agent Jordan testified that he gave Bennett $1,800, Bennett asked if the money was counterfeit or if the officer was "the police," and that, in exchange for the money, Bennett took three plastic bags containing rock cocaine out of his pocket and handed them to the officer. A trier of fact could reasonably infer that it was a crack deal, even if they did not use the word "crack," and believe that Agent Jordan's identification of Bennett was correct.
 
 
 5
 Bennett argues that he was denied due process of law because the court signed its order on a form drafted by the Assistant United States Attorney. Judges routinely and frequently sign orders drafted and lodged by the prevailing parties to motions. Bennett has cited no law, and we are aware of none, which would suggest that this denied the unsuccessful party notice and an opportunity to be heard before an impartial tribunal. If Bennett had some objection to the proposed form of order, he could have filed one.
 
 
 6
 Bennett argues that he was denied the effective assistance of counsel at trial, because his attorney did not challenge the apparent discrepancy in laboratory reports, as to whether the substance Agent Jordan bought was cocaine hydrochloride or cocaine base, known as crack, and stipulated that the second laboratory report identifying the substance as crack was correct. We review de novo. United States v. Blaylock, 20 F.3d 1458, 1462 (9th Cir.1994).
 
 
 7
 To establish ineffective assistance, a defendant must show (1) that counsel's errors reflect a failure to exercise the skill, judgment, or diligence of a competent attorney, and (2) that as a result of this failure, the defendant was prejudiced to the extent that the result of the trial is unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Murray, 751 F.2d 1528, 1535 (9th Cir.1985). Judicial review of an attorney's performance is highly deferential, Strickland, 466 U.S. at 689, and we indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. United States v. Davis, 36 F.3d 1424, 1433 (9th Cir.1994). A "convicted defendant making a claim of ineffective assistance must identify acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgement." Strickland, 466 U.S. at 690. A claim for ineffective assistance of counsel cannot be based on a counsel's "tactical decision" with which the defendant disagrees. Territory of Guam v. Santos, 741 F.2d 1167 (9th Cir.1984).
 
 
 8
 Bennett's defense was that he was not present at the sale to which Agent Jordan testified, and he did not sell anything to Agent Jordan. For this defense, it did not matter whether the substance was ordinary cocaine or crack. Bennett would be guilty of the same crime, distribution of a controlled substance in violation of 21 U.S.C. Sec. 841, whichever it was. A defendant charged under 21 U.S.C. Sec. 841 need not know "the exact nature of the substance with which he was dealing." United States v. Lopez-Martinez, 725 F.2d 472, 474 (9th Cir.1983). A defendant can be convicted under Sec. 841 "if he believes he has some controlled substance in his possession." United States v. Ramirez-Ramirez, 875 F.2d 772, 774 (9th Cir.1990). Bennett could not have been prejudiced by his attorney's stipulation that the substance was crack. Nor could Bennett's attorney's stipulation amount to a failure to exercise the skill and judgment of a competent attorney. See United States v. Davis, 36 F.3d 1424, 1433 (9th Cir.1994). Bennett's "I wasn't even there" defense would have been diluted instead of bolstered by supplementing it with "and even if I was, the stuff I sold was ordinary cocaine, not crack."
 
 
 9
 The ineffective assistance challenge is more substantial with regard to the sentencing. At that point, Bennett's defense to the crime was gone, and it mattered a great deal whether the substance he sold was cocaine hydrochloride or cocaine base. It is not clear why counsel did not reserve his right to challenge the chemists's analysis at sentencing. The factors which would have made a challenge pointless or harmful to the defense at trial did not apply to sentencing.
 
 
 10
 Because the government produced conflicting reports, there was at least some reason to suspect error. The reserve amount was the same in both reports, suggesting the possibility that the report was corrected or changed without a new test being run. The second report says that the change was "to reflect re-calculation" [sic]. This suggests the possibility that there may have been nothing but a mathematical recalculation of the weight, instead of a review of the test results. At sentencing, the government had to prove that the substance was crack, not merely cocaine, by a preponderance of the evidence. United States v. Restrepo, 946 F.2d 654 (9th Cir.1991).
 
 
 11
 We cannot determine from the record whether Bennett's counsel could have cast enough doubt on the veracity of the chemist's report to persuade the judge that less than a preponderance of evidence justified the 121-151 month crack sentence instead of the 21-27 month cocaine sentence. The chemist did not testify at a hearing, or subject himself to cross examination, nor was an affidavit from the chemist supplied, so we have no explanation from the chemist of the change in the reports. Nor have the chemist's original and contemporaneous laboratory notes been put into the record, so we cannot tell what the chemist did and observed.
 
 
 12
 The two parts of the Strickland test cannot adequately be applied on the record as it stands to the issue of ineffective assistance of counsel at sentencing. We therefore remand for hearing or such other proceedings as the district judge may determine to be appropriate.
 
 
 13
 AFFIRMED in part, REVERSED and REMANDED in part.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3