UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 96-4285

ALFRED IBIDA, a/k/a Fred,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Walter E. Black, Jr., Senior District Judge.
(CR-95-266-JFM)

Submitted: January 9, 1997

Decided: January 22, 1997

Before HALL and MICHAEL, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James J. Nolan, Jr., PIERSON, PIERSON & NOLAN, Baltimore,
Maryland, for Appellant. Lynne A. Battaglia, United States Attorney,
Robert R. Harding, Assistant United States Attorney, Baltimore,
Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Alfred Ibida appeals from his jury convictions of importing heroin, in violation of 21 U.S.C. §§ 952(a) (1994), conspiracy to import heroin, in violation of 21 U.S.C. § 846 (1994), and conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 841(a) (1994). Ibida claims that the evidence at trial was insufficient to support the jury's verdict. In addition, he contends that the district court clearly erred by denying his challenge to the Government's use of preemptory strikes on three potential black jurors under Batson v. Kentucky, 476 U.S. 79 (1986). For the reasons discussed below, we affirm.

"To sustain a conviction the evidence, when viewed in the light most favorable to the government, must be sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt." United States v. Brewer , 1 F.3d 1430, 1437 (4th Cir. 1993); see also Glasser v. United States , 315 U.S. 60, 80 (1942). Circumstantial as well as direct evidence is considered, and the Government is given the benefit of all reasonable inferences from the facts proven to those sought to be established. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

Viewing the evidence in the light most favorable to the Government, the evidence showed that Ibida orchestrated at least four trips to Nigeria to smuggle heroin back into the United States. He arranged for the couriers' plane tickets, met the couriers in Nigeria, introduced them to the heroin supplier, instructed the couriers on how to swallow the drugs and comport themselves in Nigeria, met the couriers at an airport in the United States, and paid the couriers in cash. Ibida also instructed one courier to leave the country when other couriers had been arrested. One courier testified that he imported "narcotics," while another stated that the purpose of his trip was to import "her-

2

oin." However, no lab reports were entered into evidence regarding the chemical makeup of the substance involved.

Ibida asserts that the Government failed to prove that heroin was the drug involved in his crimes. While he does not deny that the substance was illicit, he claims that there is no proof that it was indeed heroin. Construing the above evidence in the light most favorable to the Government, we find that there was sufficient evidence to support Ibida's convictions. The Government was required to prove that Ibida knowingly imported a controlled substance, conspired to do the same, and conspired to distribute and possess with intent to distribute a controlled substance. The question of which controlled substance was involved is irrelevant. See United States v. Ramirez-Ramirez, 875 F.2d 772, 774 (9th Cir. 1989); United States v. Collado-Gomez, 834 F.2d 280, 280-81 (2d Cir. 1987); see also United States v. Hines, 717 F.2d 1481, 1487-88 (4th Cir. 1983) (as long as substance involved is a "controlled substance," the chemical makeup is irrelevant). The manner in which the couriers concealed the substance, Ibida's furtive behavior, and the couriers' testimony that they were trafficking in controlled substances is sufficient to enable a reasonable jury to find that Ibida knew he was dealing in a controlled substance and had agreed with the couriers to do the same.

Regarding Ibida's Batson challenge, we find that the district court did not clearly err by finding that the Government's articulated reasons for striking the three jurors were race-neutral: age, attitude, inattention, and either working or living in a high crime area. See Purkett v. Elem, ___ U.S. ___, 63 U.S.L.W. 3814, 3815 (U.S. May 15, 1995) (No. 94-802) (per curiam). We also find that the district court did not clearly err by finding that Ibida failed to demonstrate discriminatory intent by the Government. See Hernandez v. New York, 500 U.S. 352, 364 (1991) (ultimate burden of showing purposeful discrimination rests with the opponent of the strike, and the credibility determinations of the district court are entitled to great deference).

Accordingly, we affirm Ibida's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3