**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Romeo Dean SNEEF, Defendant–**
**Appellant.**

No. 01–10151.
D.C. No. CR–97–00472–FCD.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 11, 2002.

Decided May 7, 2002.

Before WALLACE, KOZINSKI, and PAEZ, Circuit Judges.

## MEMORANDUM [1]

Defendant first contends that the district court erred by inserting "or some other prohibited drug" after "methamphetamine" in Jury Instruction No. 14 (defining reasonable cause) in response to the jurors' inquiry why some instructions contained the phrase "or some other prohibited drug" while others did not. Jury Instruction No. 12, which defined the elements of an offense under § 841(d)(2), contained the language "methamphetamine or some other prohibited drug" in its description of the reasonable cause requirement. Defendant did not object to this language before the jury retired to deliberate, and thus we review his challenge for plain error. *United States v. Elias*, 269 F.3d 1003, 1017–18 (9th Cir. 2001).

■ Under § 841, the government was not required to prove that Defendant knew or had reasonable cause to believe that the Mini Thins that he sold, which contained listed chemicals, ephedrine and pseudoephedrine, would be used to manufacture methamphetamine. Rather, the government only had to prove that Defendant knew that the Mini Thins would be used to manufacture some controlled substance. *See Quintero v. United States*, 33 F.3d 1133, 1136 (9th Cir.1994) ("This court has held that a defendant charged under 21 U.S.C. § 841 need not know the exact nature of the substance with which he was dealing. Instead, a defendant can be convicted under § 841 if he believes that he possessed some controlled substance.") (internal quotation marks and citations omitted); *United States v. Ramirez–Ramirez*, 875 F.2d 772, 774 (9th Cir.1989).

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Because the district court did not commit plain error by including "methamphetamine or some other prohibited drug" in Instruction No. 12, it did not abuse its discretion by incorporating this language in Instruction No. 14. *United States v. Solomon*, 825 F.2d 1292, 1295 (9th Cir. 1987) (stating that we review a district court's clarification of jury instructions for an abuse of discretion).

■ Defendant next argues that the district court should have conducted an evidentiary hearing after a juror told defense counsel to "go back and tell Mr. Sneef that he can't come to this country and sell products like that." In the alternative, Defendant argues that the district court should have released juror information to enable defense counsel to conduct interviews regarding the statement. The district court did not abuse its discretion by refusing to release juror information or by not conducting an evidentiary hearing after being informed about the juror's comment. It was reasonable for the district court to conclude that the juror's comment was not a racially or ethnically biased statement but rather a repudiation of Defendant's defense. *See United States v. Hanley*, 190 F.3d 1017, 1031 (9th Cir.1999).

AFFIRMED.