**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Monica ESTRADA–RENDON,
Defendant–Appellant.**

No. 01–50039.
D.C. No. CR 00–0002 L.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 5, 2001.

Decided June 5, 2002.

---

Before PREGERSON, TASHIMA, and BERZON, Circuit Judges.

MEMORANDUM *

Defendant–Appellant Monica Estrada–Rendon (Estrada) appeals her conviction for possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Estrada challenges the constitutionality of 21 U.S.C. § 841, the statute under which she was convicted and sen-

tenced. This argument is foreclosed by *United States v. Buckland,* 289 F.3d 558, 2002 WL 857751, at *10 (9th Cir. May 7, 2002) (en banc) (holding that 21 U.S.C. § 841 is not facially unconstitutional under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)).[1]

Estrada does not contest the constitutionality of her initial stop and immigration-related questioning at the San Clemente checkpoint. Both the stop and the questioning were well within the permissible scope of a suspicionless stop at a permanent immigration checkpoint. *See United States v. Martinez–Fuerte,* 428 U.S. 543, 566, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976). Instead, Estrada contends that the border patrol agent's *request to search* her trunk violated her Fourth Amendment rights.

Unlike the prolonged detention at issue in *United States v. Chavez–Valenzuela,* 268 F.3d 719 (9th Cir.2001), however, where an officer asked the defendant several questions that were unrelated to the basis for the traffic stop, this case involves the delay of no more than the minute or two it took for the agent to ask Estrada for permission to search her trunk. Because checkpoint searches are constitutional where justified by consent, *see Martinez–Fuerte,* 428 U.S. at 567, 96 S.Ct. 3074 (citing *United States v. Ortiz,* 422 U.S. 891, 95 S.Ct. 2585, 45 L.Ed.2d 623 (1975)), the proper scope of a stop logically must extend to the brief delay that is necessarily involved whenever an agent asks a motorist for consent to search. Thus, the agent's request to search Estra-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. Moreover, *Apprendi* does not impact Estrada's sentence because her 37–month sentence

is below the five-year statutory maximum applicable to an unspecified quantity of marijuana. *See United States v. Panaro,* 266 F.3d 939, 954 (9th Cir.2001); *United States v. Scheele,* 231 F.3d 492, 497 n. 2 (9th Cir.2000).

da's trunk did not violate the Fourth Amendment.

■ The district court did not clearly err by concluding that Estrada's consent was freely and voluntarily given. *See United States v. Cormier,* 220 F.3d 1103, 1112 (9th Cir.2000), *cert. denied,* 531 U.S. 1174, 121 S.Ct. 1146, 148 L.Ed.2d 1009 (2001). The district court properly considered " 'the totality of the surrounding circumstances,' " *see United States v. Morning,* 64 F.3d 531, 532 (9th Cir.1995) (quoting *United States v. Kelley,* 953 F.2d 562, 566 (9th Cir.1992)), and there was ample evidence, including factual findings that the agent's testimony was credible and that the exchange between the agent and Estrada had been of a "very low-key" and relaxed nature, to support the district court's finding of voluntary consent. *Id.*

■ We reject Estrada's contention that the district court erred when it did not require the government to rebut her claim that the prosecutor had exercised an illegal peremptory challenge against a Hispanic male juror in violation of *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Because Estrada was unable to show that the circumstances raised an inference of purposeful discrimination, she failed to establish a prima facie case under *Batson. See United States v. Vasquez–Lopez,* 22 F.3d 900, 902 (9th Cir. 1994). Accordingly, the prosecutor had no burden to offer an explanation for the challenge, and the district court properly denied Estrada's demand for one. *See Cooperwood v. Cambra,* 245 F.3d 1042, 1045 (9th Cir.2001).

■ Estrada next contends that the district court erred by preventing her from presenting evidence regarding the voluntariness of her statements during custodial interrogation. Regardless of whether the district court erred by preventing Estra-

da–Rendon from presenting this evidence, any such error was harmless beyond a reasonable doubt. *See Crane v. Kentucky,* 476 U.S. 683, 691, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986) (holding that the erroneous rulings of the trial court preventing a petitioner from introducing testimony about the environment in which the police secured his confession is subject to harmless error review). The statements at issue were not a confession of guilt, and the excluded evidence did not challenge the truthfulness of her statements, except in a manner that would have been harmful to her own case if adopted. Moreover, even if the statements had been given less weight, there was ample, other evidence to support her conviction.

The district court also did not err by declining to give Estrada's requested jury instruction regarding the reasonable doubt standard. In *United States v. Velasquez,* 980 F.2d 1275, 1278–79 (9th Cir.1992), we held that the use of an almost identical "firmly convinced" instruction for reasonable doubt did not indicate a lesser burden than that suggested "by the use of the term 'reasonable doubt' standing alone" and was, therefore, not reversible error.

■ Finally, the district court did not err by declining to give Estrada's requested jury instruction regarding the elements of 21 U.S.C. § 841. "*Apprendi* did not change the long-established rule that the government need not prove that the defendant knew the *type* and *amount* of a controlled substance that he imported or possessed; the government need only show that the defendant knew that he imported or possessed *some* controlled substance." *United States v. Carranza,* 289 F.3d 634, 2002 WL 841175, at *7 (9th Cir. May 3, 2002) (citing *United States v. Ramirez–Ramirez,* 875 F.2d 772, 774–75 (9th Cir. 1989) (internal citation omitted)). The district court's instruction regarding the

knowledge element of § 841 was therefore proper.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.