**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Francisco Javier ZAMORANO–FLORES, Defendant–Appellant.**

No. 01–50680.

D.C. No. CR–01–01870–TJW.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2002.*

Decided July 23, 2002.

Before KOZINSKI and FERNANDEZ, Circuit Judges, and KING, District Judge.**

MEMORANDUM ***

Defendant–Appellant Francisco Javier Zamorano–Flores ("Appellant") appeals the district court's sentence and entry of

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

judgment. This Court has jurisdiction under 28 U.S.C. § 1291, and we affirm.

The statutes which Appellant challenge, 21 U.S.C. §§ 952 and 960, are facially constitutional. *United States v. Mendoza–Paz,* 286 F.3d 1104, 1109–10 (9th Cir.2002); *see also, United States v. Buckland,* 289 F.3d 558, 563–68 (9th Cir.2002) (en banc), *cert. den.* —— U.S. ——, 122 S.Ct. 2314, 152 L.Ed.2d 1067 (2002); *United States v. Carranza,* 289 F.3d 634, 643 (9th Cir.2002).

Appellant also makes an as-applied challenge to the sentence he received under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348. Appellant was never exposed to a sentence greater than 240 months imprisonment, the maximum to which he constitutionally may have been exposed under § 960(b)(1). Because the district court in this case did not exceed the maximum sentence permitted for the specified amount of cocaine, *Apprendi* is not implicated.

Finally, Zamorano–Flores argues that the grand jury should have been instructed to find, and the government should have been required to prove, that he "knowingly" imported a particular quantity and type of controlled substance. This is not the law. *See, e.g., United States v. Ramirez–Ramirez,* 875 F.2d 772, 774 (9th Cir. 1989)("[A] defendant charged with importing and possessing a controlled substance need not know the exact nature of the substance with which he was dealing. Instead, a defendant can be convicted under § 841 and § 960 if he believes he has *some* controlled substance in his possession." (in-

ternal quotation marks and citations omitted)); *see also Carter v. United States,* 530 U.S. 255, 269, 120 S.Ct. 2159, 147 L.Ed.2d 203 (2000) ("The presumption in favor of scienter requires a court to read into a statute only that *mens rea* which is necessary to separate wrongful conduct from 'otherwise innocent conduct.'" (quoting *United States v. X–Citement Video, Inc.,* 513 U.S. 64, 72, 115 S.Ct. 464, 130 L.Ed.2d 372 (1994))).

AFFIRMED.

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.