UNITED STATES of America, Plaintiff–Appellee, Cross–Appellant,

v.

Reymundo SANCHEZ–HERNANDEZ, aka El Rey, aka Jose Louis Camarillo, Defendant–Appellant. Cross–Appellee.

Nos. 01–50638, 01–50682.

D.C. Nos. CR–99–02401–MLH, CR–99–02401–1–MLH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 12, 2002.

Decided Dec. 19, 2002.

Before THOMPSON and
RAWLINSON, Circuit Judges, and
SCHWARZER,* Senior District Judge.

---

\* The Honorable William W Schwarzer, Senior
United States District Judge for the Northern
District of California, sitting by designation.

## MEMORANDUM **

Reymundo Sanchez–Hernandez appeals his conviction of possession with intent to distribute methamphetamine, distribution of methamphetamine, and conspiracy to distribute and import methamphetamine. 21 U.S.C. §§ 841(a)(1), 846, 952, 960 and 963 and 18 U.S.C. § 2. He contends, first, that the district court erred in admitting testimony about violence he inflicted on his wife because it was "other crimes" evidence; and, second, that under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), §§ 841 and 960 are unconstitutional and that the drug statutes require proof that Sanchez–Hernandez knew the type and quantity of drugs involved. The government cross-appeals the sentence. We affirm the conviction and remand for resentencing.

We have jurisdiction over Sanchez–Hernandez's appeal and the government's cross-appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

### SANCHEZ–HERNANDEZ'S APPEAL

I. Sanchez–Hernandez contends that the district court erroneously admitted testimony that the defendant twice threatened to kill Nancy Reynaga, his wife and codefendant, in an attempt to make her confess that she had tipped off the police to the methamphetamine conspiracy. He argues that the evidence was inadmissible under Federal Rule of Evidence 404(b) as "other crimes" evidence.

We review the court's evidentiary rulings for abuse of discretion, but review *de novo* whether the evidence is directly relevant to the crime charged or relevant only to "other crimes." *United States v. Rrapi,*

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

175 F.3d 742, 748 (9th Cir.1999), *cert. denied*, 528 U.S. 912, 120 S.Ct. 261, 145 L.Ed.2d 219 (1999).

Evidence of "other acts" is not subject to Rule 404(b) analysis if it is "'inextricably intertwined' with the charged offense." *United States v. Beckman*, 298 F.3d 788, 793–94 (9th Cir.2002) (citing *United States v. Vizcarra–Martinez*, 66 F.3d 1006, 1012 (9th Cir.1995)). "This exception applies when (1) 'particular acts of the defendant are a part of a single criminal transaction,' or when (2) 'other act' evidence is necessary to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." *Id.* at 794 (citation and alterations omitted).

Reynaga's testimony about Sanchez–Hernandez's death threats and intimidation qualifies under both prongs of the exception. First, the death threats occurred during the period of the methamphetamine conspiracy and were intended to protect it by intimidating Reynaga, whom Sanchez–Hernandez suspected of having informed the police of two of his distributors. Second, the evidence provided a coherent and comprehensible account of the conspiracy. That Sanchez–Hernandez would threaten to kill his wife because he thought she was an informant allowed the prosecution to present a compelling story of the lengths to which Sanchez–Hernandez would go to further his drug conspiracy.

The testimony also explains why there was a four-month hiatus between the death threats and the next round of drug deliveries: Reynaga distanced herself from Sanchez–Hernandez following his threats, but later agreed to resume work for him. Finally, Sanchez–Hernandez could not be prosecuted for these acts because they took place in Mexico, outside of United States jurisdiction. *See United States v. Ripinsky*, 109 F.3d 1436, 1442 (9th Cir. 1997), *overruled on other grounds by United States v. Sablan*, 114 F.3d 913, 916 (9th Cir.1997). We hold that the district court did not abuse its discretion.

II. Sanchez–Hernandez's challenge to the constitutionality of 21 U.S.C. §§ 841 and 960 is foreclosed by *United States v. Mendoza–Paz*, 286 F.3d 1104, 1109–10 (9th Cir.2002) (upholding the constitutionality of 21 U.S.C. §§ 841 and 960). *See also United States v. Buckland*, 289 F.3d 558, 572 (9th Cir.2002) (en banc), *cert. denied*, —— U.S. ——, 122 S.Ct. 2314, 152 L.Ed.2d 1067 (2002). His argument that *Buckland* required drug quantities to be found by the jury beyond a reasonable doubt is inapposite because drug quantity in this case did not increase his sentence beyond the statutory maximum. Finally, we reject Sanchez–Hernandez's argument that his knowledge of the type and quantity of drug was neither charged nor proved. "A defendant charged with importing or possessing a drug is not required to know the type and amount of drug." *United States v. Carranza*, 289 F.3d 634, 644 (9th Cir.2002). "A defendant can be convicted under § 841 and § 960 if he believes he has *some* controlled substance in his possession." *Id.* (quoting *United States v. Ramirez–Ramirez*, 875 F.2d 772, 774 (9th Cir.1989) (alteration omitted)). The *mens rea* attaches to possession of a controlled substance, not the type or quantity. *Ramirez–Ramirez*, 875 F.2d at 774 n. 1. Sanchez–Hernandez's knowledge that he was importing, distributing, and possessing a controlled substance (or conspiring to do so) is sufficient to distinguish his behavior from otherwise innocent conduct.

## THE GOVERNMENT'S CROSS-APPEAL

I. The government contends that the district court erred in refusing to calculate the sentence on the basis of any drug quantity beyond "500 grams or more," the amount the jury found beyond a reasonable doubt in its special verdict.

According to the government, the undisputed evidence at trial proved that Sanchez–Hernandez was responsible for more than eighty pounds of methamphetamine. Citing *United States v. Gill,* 280 F.3d 923, 931 (9th Cir.2002), the government argues that the court should have applied the preponderance of evidence quantum of proof to determine the drug quantity under the guidelines.[1] *Gill,* however, holds only that *"where the jury has not decided the quantity of drugs involved* and the sentencing court must determine drug quantity for guidelines purposes, so long as the sentence imposed does not exceed the statutory maximum, the quantum of proof the judge should apply is a preponderance of the evidence." *Id.* at 931 (emphasis added). Thus, *Gill* addresses the appropriate quantum of proof where the jury has not made a determination. *Gill* does not hold that where the jury has decided the quantity of drugs involved, it is error for the court to accept that determination rather than make its own under a different quantum of proof. The district court has broad discretion in sentencing and because the government does not contend that it abused that discretion, that issue is not before us.

■ II. The government next contends that the court erred in failing to apply to the sentence for importing methamphetamine into the United States the two-level increase under U.S. Sentencing Guideline Manual § 2D1.1(b)(4).[2] Sanchez–Hernandez imported methamphetamine and was not subject to a mitigating role adjustment under § 3B1.2. The two-level upward adjustment for importing methamphetamine was therefore mandatory and the district

court's failure to apply it was clear error. We will remand for resentencing for that purpose.

■ III. The government contends that the district court abused its discretion by departing downward a total of six levels for a combination of factors. We review the court's interpretation of the Sentencing Guidelines *de novo. United States v. Kemmish,* 120 F.3d 937, 940 (9th Cir.1997), *cert. denied,* 522 U.S. 1132, 118 S.Ct. 1087, 140 L.Ed.2d 144 (1998). We review the court's departure from the Guidelines for abuse of discretion. *Koon v. United States,* 518 U.S. 81, 98–100, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996).

A. The court departed downward two levels for the defendant's "extraordinary family circumstances" and his "agreement to be deported." A departure based on family ties is discouraged by the Guidelines and is permissible only "if the factor is present to an exceptional degree." U.S. SENTENCING GUIDELINES MANUAL § 5H1.6; *United States v. Aguirre,* 214 F.3d 1122, 1127 (9th Cir.2000), *cert. denied,* 531 U.S. 970, 121 S.Ct. 408, 148 L.Ed.2d 315 (2000) (quoting *United States v. Klimavicius–Viloria,* 144 F.3d 1249, 1267 (9th Cir.1998), *cert. denied,* 528 U.S. 842, 120 S.Ct. 110, 145 L.Ed.2d 94 (1999)). Nothing in the record, which shows only that Sanchez–Hernandez's grandmother and father had died, reflects a basis for finding family ties to be present to an exceptional degree. Because we are unable to discern the basis for the court's determination, we remand for resentencing and an explanation of the reasons for the departure. *See United States v. Working,* 224 F.3d 1093, 1102–03 (9th Cir.2000) (en banc).

---

1. As Sanchez–Hernandez's 188–month sentence was under the statutory maximum, *Apprendi* does not apply to this case.

2. § 2D1.1(b)(4): If(A) the offense involved the importation of amphetamine or methamphetamine or the manufacture of amphetamine or

methamphetamine from listed chemicals that the defendant knew were imported unlawfully, and (B) the defendant is not subject to an adjustment under §§ 3B1.2 (Mitigating Role), increase by 2 levels.

The government argues that since Sanchez–Hernandez as a convicted drug offender was automatically deportable, he gave up nothing by the stipulation. We remand for the district court to examine the facts and circumstances of his stipulated deportation to determine whether it took the case out of the heartland. *See United States v. Rodriguez–Lopez,* 198 F.3d 773, 777–78 (9th Cir.1999).

■■■ B. The court departed downward four levels under *Koon v. United States,* 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996) and *United States v. Cook,* 938 F.2d 149 (9th Cir.1991), based on the "totality of circumstances," including primarily his attempt to plead guilty and the imposition of a lesser sentence on Nancy Reynaga.

The government did not object specifically at sentencing to the departure for the attempted guilty plea. While the attempt to plead guilty did not reach the level of acceptance of responsibility, we find no abuse of discretion. *Cf. United States v. McKinney,* 15 F.3d 849, 853 (9th Cir.1994), *cert. denied,* 516 U.S. 857, 116 S.Ct. 162, 133 L.Ed.2d 105 (1995) (recognizing evidence of contrition to be relevant to adjustment for acceptance of responsibility).

The court departed downward because Reynaga, who had also been charged with importation of methamphetamine, was sentenced to 30 months while Sanchez–Hernandez received 188 months. A departure is not appropriate to equalize sentences among codefendants unless the codefendant was convicted of the same offense as the defendant. *United States v. Caperna,* 251 F.3d 827, 831 (9th Cir.2001). Sanchez–Hernandez was convicted of additional charges and was in a position of authority over Reynaga. When defendants are convicted of committing different offenses, even if their behavior is similar, it is improper to depart to equalize their sentences. *United States v. Banuelos–Rodriguez,* 215 F.3d 969, 978 (9th Cir.2000) (en banc). While the decision whether to depart based on sentence disparity among cooperating and noncooperating defendants is within the discretion of the sentencing judge, *Caperna,* 251 F.3d at 831–32, the court gave no indication that in granting the downward departure to Sanchez–Hernandez, it had considered that Reynaga had cooperated and pled guilty. Again, we must remand to the district court to make the determination that, under the circumstances, the sentencing disparity falls outside the heartland.

## CONCLUSION

We affirm the conviction. We vacate the sentence and remand for resentencing to enable the district court to comply with Guideline § 2D1.1(b)(4), and to articulate its reasons for exercising its discretion in certain downward departures mentioned above.

AFFIRMED, in part; VACATED and REMANDED.