MEMORANDUM **
Edward Rosenthal appeals from his jury conviction for manufacturing marijuana, maintaining a place for the manufacture of marijuana, and conspiring to commit both substantive offenses, in violation of 21 U.S.C. §§ 841, 846, and 856. Rosenthal argues that the district court violated his constitutional rights by excluding evidence that he was cultivating marijuana for medical purposes and had a good faith, reasonable belief that he was acting lawfully in doing so, and by refusing to give jury instructions relating to his mistaken belief that his actions were lawful. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
Rosenthal contends that by barring testimony from others related to his reasonable, good faith belief that he was acting lawfully and by refusing to give proposed jury instructions related to his alleged mistake, the court denied him the opportunity to present a complete defense and to testify effectively in his own defense in violation of the Fifth and Sixth Amendments. Even assuming this argument is not foreclosed by the law of the case, Rosenthal cannot succeed on the merits. To prevail, Rosenthal must show that a valid legal theory supported his proposed instructions, and that the excluded evidence would have been relevant under the theory. See United States v. Johnson, 459 F.3d 990, 992 (9th Cir.2006) (“A criminal defendant is entitled to a proposed jury instruction only if it is supported by law and has some foundation in evidence.”) (internal citation and quotation marks omitted); Wood v. Alaska, 957 F.2d 1544, 1549 (9th Cir.1992) (“A defendant has no right ... to present irrelevant evidence.”). Because Rosenthal offers no such theory, we conclude that no constitutional violation occurred.
First, Rosenthal’s contention that a reasonable, good faith belief that one is acting lawfully negates the mens rea elements of his crimes of conviction is without merit because none of the offenses at issue require knowledge of the law or intent to violate the law to sustain a conviction. Rosenthal was convicted of violating two *843 substantive drug offenses: 21 U.S.C. §§ 841(a)(1) and 856(a)(1). Under § 841(a)(1), it is unlawful “for any person knowingly or intentionally ... to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.” 21 U.S.C. § 841(a)(1) (emphasis added). Thus the government needed only to prove that Rosenthal knew that he was manufacturing marijuana to establish the requisite mens rea. See United States v. Ramirez-Ramirez, 875 F.2d 772, 773-75 (9th Cir.1989). Similarly, § 856(a)(1) declares it “unlawful to ... knowingly open, lease, rent, use, or maintain any place, whether permanently or temporarily, for the purpose of manufacturing, distributing, or using any controlled substance.” 21 U.S.C. § 856(a)(1) (emphasis added). This statute requires proof only that the defendant “(1) knowingly (2) opened or maintained a place (3) for the purpose of manufacturing, distributing, or using” marijuana. United States v. Basinger, 60 F.3d 1400, 1404 (9th Cir.1995). Neither drug offense requires the government to prove knowledge of illegality. See Bryan v. United States, 524 U.S. 184, 192, 118 S.Ct. 1939, 141 L.Ed.2d 197 (1998) (“[T]he term ‘knowingly’ does not necessarily have any reference to a culpable state of mind or to knowledge of the law.”).
Additionally, despite the district court’s use of the term “willfully” when instructing the jury on the elements of conspiracy, the conspiracy charge here requires only the same mens rea necessary for conviction of the underlying substantive offenses. See United States v. Hubbard, 96 F.3d 1223, 1229 (9th Cir.1996); United States v. Baker, 63 F.3d 1478, 1493 (9th Cir.1995). Because the underlying drug offenses here do not require proof of criminal intent or knowledge, no such proof was necessary to sustain the conspiracy conviction. See Baker, 63 F.3d at 1493; United States v. Gilley, 836 F.2d 1206, 1210 (9th Cir.1988). The evidence of Rosenthal’s belief in the legality of his actions is therefore irrelevant, and the district court properly excluded it.[1] See Wood, 957 F.2d at 1549. Similarly, because Rosenthal’s alleged “mistake” and “ignorance” were not relevant to whether he acted “knowingly” in cultivating marijuana, the district court did not err in excising the words “mistake, ignorance, or accident” from the definition of “knowingly” given to the jury. See Mathews v. United States, 485 U.S. 58, 63, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988).
Second, we decline Rosenthal’s invitation to create an exception to the general rule that ignorance of the law is no excuse due to the complexity of the law governing cultivation and distribution of marijuana, as he suggests the Supreme Court did in response to the complexity of the tax law at issue in United States v. Murdock, 290 U.S. 389, 54 S.Ct. 223, 78 L.Ed. 381 (1933). In fact, Murdock created no such exception, but merely established that when an offense requires proof of “willfulness,” the government must prove bad faith or criminal intent, which can be defeated with evidence of a defendant’s good faith misunderstanding of the law. See id. at 394-97, 54 S.Ct. 223. Such reasoning is inapplicable where, as here, the statute does not require proof of willfulness. See, e.g., United States v. Hancock, 231 F.3d 557, 563 (9th Cir.2000) (“This court previously has noted the distinction between the requirements of ‘willful’ and ‘knowing’ behav *844 ior and has declined to import the ... requirement of actual knowledge of law into a statute that punished ‘knowing’ behavior, even when the statute arguably is ‘highly technical.’ ”).
Finally, we reject Rosenthal’s argument that the district court erred by excluding evidence that the purpose of the agreement underlying the Oakland conspiracy charge was to provide patients with medical marijuana. While such evidence may have helped to establish the existence of a conspiracy, it was not relevant to a valid defense or otherwise probative of Rosenthal’s innocence. The district court therefore did not abuse its discretion or violate Rosenthal’s Sixth Amendment rights by excluding the evidence. See Wood, 957 F.2d at 1549.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Rosenthal's suggestion that the district court violated his right to testify in his own defense by allowing Rosenthal to testify regarding his alleged mistake but excluding corroborative testimony is also without merit. A defendant has no constitutional right to present irrelevant evidence simply because it would corroborate his own irrelevant testimony. See Wood, 957 F.2d at 1549.