NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 16 2010

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30306 |
| Plaintiff-Appellee, | D.C. No. CR-08-2093-RHW |
| vs. | |
| JULIAN SOLORIO-VALDEZ, | MEMORANDUM [*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, Senior District Judge, Presiding

Argued and Submitted May 6, 2010
Seattle, Washington

Before: WARDLAW and GOULD, Circuit Judges, and MILLS, District Judge.[**]

Following a jury trial, Julian Solorio-Valdez was acquitted of conspiracy to
manufacture a controlled substance in violation of 21 U.S.C. §§ 846 and 841(a)(1),
(b)(1)(A)(vii), and convicted of the substantive charge of manufacturing in excess of

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Richard Mills, Senior United States District Judge for
the Central District of Illinois, sitting by designation.

1,000 marijuana plants in violation of 21 U.S.C. § 841(a)(1). On appeal, Solorio-Valdez contends that there was insufficient evidence to support his conviction. We have jurisdiction pursuant to 28 U.S.C. § 1291.

We recently reaffirmed that our review of whether sufficient evidence was presented to support a criminal conviction is governed by *Jackson v. Virginia*, 443 U.S. 307 (1979). *See United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc). We must determine whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319.

To convict an individual of manufacture of marijuana, the government must show that he or she knowingly manufactured marijuana, and that he or she knew the substance manufactured was marijuana, or some other prohibited drug. *See* 21 U.S.C. § 841(a)(1); *United States v. Ramirez-Ramirez*, 875 F.2d 772, 774 (9th Cir. 1989) (holding that defendant need not know the exact nature of the controlled substance in order to be convicted). "The term 'manufacture' means the production . . . or processing of a drug. . . ." 21 U.S.C. § 802(15). "The term 'production' includes the manufacture, planting, cultivation, growing, or harvesting of a controlled substance." *Id*. § 802(22).

The evidence showed that Solorio-Valdez was a farmhand who typically

2

worked eleven-hour days at the grape vineyard where he had worked for approximately two and a half weeks. Prior to his arrest, Solorio-Valdez was observed operating a tractor on the property. Solorio-Valdez fled upon seeing law enforcement agents on the property. He informed one of the agents that he was hired "to mow in between the grapes, to water, to fix the fence posts, pretty much maintenance at the vineyard."

In addition to grapes, approximately 5,300 marijuana plants grew on the 93-acre vineyard. After he was detained and questioned, Solorio-Valdez indicated that he knew marijuana was on the property. The government introduced into evidence a video which showed that the marijuana plants were hidden beneath the grape vines. One of the agents testified that the marijuana plants were spread out over the 93 acres, but were found "mainly [in] the middle." Another agent testified that Solorio-Valdez, who seemed to know very little about the owner of the property or the person who hired him, could not explain why he would be trusted to work at a site with over 5,000 marijuana plants.

A rational trier of fact could have found that the marijuana would not have grown without Solorio-Valdez's efforts in maintaining the property. In particular, the jury could have inferred that Solorio-Valdez knew that in watering the grape vines he was also watering the marijuana plants underneath the vines. After viewing the

evidence in the light most favorable to the government, we conclude that sufficient evidence was presented to prove that Solorio-Valdez possessed the specific intent to manufacture marijuana. *See Jackson*, 443 U.S. at 319.

**AFFIRMED.**