**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50296 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00114-PSG-1 |
| v. | |
| VINCENT CASH, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, Chief District Judge, Presiding

Argued and Submitted August 31, 2020
Pasadena, California

Before: SILER,** BERZON, and LEE, Circuit Judges.

Vincent Cash appeals the District Court's denial of Cash's motion to suppress evidence. Because Cash has not shown that the search of his bag "would not have occurred" without an impermissible motive, *United States v. Orozco*, 858 F.3d 1204, 1213 (9th Cir. 2017) (citation omitted) (internal quotation marks

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

omitted), we affirm the denial of the motion. We also reject Cash's challenge to the district court's jury instructions.

1. The district judge correctly denied Cash's motion to suppress. Generally, airport searches are "constitutionally reasonable administrative searches because they are 'conducted as part of a general regulatory scheme in furtherance of an administrative purpose.'" *United States v. Aukai*, 497 F.3d 955, 960 (9th Cir. 2007) (quoting *United States v. Davis*, 482 F.2d 893, 908 (9th Cir. 1973)). An airport search is valid "so long as the scope of the administrative search exception is not exceeded; 'once a search is conducted for a criminal investigatory purpose, it can no longer be justified under an administrative search rationale.'" *United States v. McCarty*, 648 F.3d 820, 831 (9th Cir. 2011) (quoting *United States v. $124,570 U.S. Currency*, 873 F.2d 1240, 1246 n.5 (9th Cir. 1989)). The boundaries of a permissible search are exceeded "where an action is taken that cannot serve the administrative purpose—either because the threat necessitating the administrative search has been dismissed, or because the action is simply unrelated to the administrative goal." *Id.* at 835.

An airport search ceases to be a permissible administrative search once the screener is "convinced the bag pose[s] no threat to airline safety." *Id.* at 836. But the presence of a criminal investigatory motive does not automatically render an administrative search impermissible. *See Orozco*, 858 F.3d at 1213. Rather, a

search is impermissible if the asserted, valid administrative purpose is pretextual. "[T]o prove that a stop is unreasonably pretextual, a defendant must show that the stop would not have occurred in the absence of an impermissible reason." *Id.* (citation omitted) (internal quotation marks omitted).

Cash has not met that burden. It was Kay Van Meter, Arnulfo Soto's lead, not Soto himself, who ordered the package opened. Van Meter's notes from the incident indicate that she did so because "we needed to get to the alarmed article or to establish if there was a container that was holding the substance that could be swabbed. (According to SOP—the alarmed item or as close.)." As these notes show, Van Meter understood the governing protocol as requiring a swab of the alarmed article itself, or of the container holding the alarmed article; because the package was wrapped in foil and plastic, Van Meter concluded that the swab of the exterior wrapping was insufficient. So Van Meter's directive to open the package was for the purpose of more accurately testing for explosives, in accord with the established procedures for doing so.

After the package was opened revealing a white powder, Van Meter contacted her supervisor, Elmer Henriquez, who testified that he "believed the package could contain explosive materials" and who immediately contacted an explosives expert to examine the package's contents. Only *after* the explosives expert determined that the package did not contain dangerous materials did

Henriquez contact airport police regarding a possible narcotics investigation.

Van Meter's notes and conduct demonstrate that the decision to order the package opened was based on a permissible administrative purpose—to protect against threats of airline safety—and was not pretext for an unlawful criminal investigatory search. As the district court stated, "there is no evidence that Van Meter made [her] decision for any purpose other than attempting to find weapons or explosives." Applying *Orozco*'s test of "ask[ing] whether the officer would have made the stop in the absence of the invalid purpose" to these facts, 858 F.3d at 1213 (internal quotation marks omitted), the answer is yes.

We affirm the district court's denial of Cash's motion to suppress.

2. We also affirm the district court's issuance of the jury instructions Cash challenges. Jury instructions pertaining to elements of a crime are reviewed *de novo*, *United States v. Mak*, 683 F.3d 1126, 1133 (9th Cir. 2012); instructions pertaining to the formulation of jury instructions, but not to elements of a crime, are reviewed for abuse of discretion, *United States v. Chi*, 936 F.3d 888, 893 (9th Cir. 2019).

First, the district court did not err in providing pattern jury instructions regarding the elements of the crime with which Cash was charged. We review jury instructions that concern the elements of a crime to determine "whether the instructions given 'accurately describe the elements of the charged crime.'"

4

*United States v. Liu*, 731 F.3d 982, 987 (9th Cir. 2013) (quoting *United States v. Munguia,* 704 F.3d 596, 598 (9th Cir. 2012)). A defendant can be convicted under 21 U.S.C. § 841 "if he believes he has some controlled substance in his possession," *United States v. Carranza*, 289 F.3d 634, 644 (9th Cir. 2002) (quoting *United States v. Ramirez-Ramirez*, 875 F.2d 772, 774 (9th Cir. 1989), even if he does not know "the type and quantity of the controlled substance" he is transporting, *United States v. Soto-Zuniga*, 837 F.3d 992, 1004–05 (9th Cir. 2016). The district court's jury instructions correctly stated the established law. This three-judge panel lacks authority to reconsider that understanding of the statute. *See Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003).

Second, the district court did not abuse its discretion in instructing that marijuana is a federally controlled substance. "The trial court has substantial latitude" in the formulation of jury instructions that do not pertain to elements of a crime. *United States v. Christensen*, 828 F.3d 763, 786 (9th Cir. 2015) (quoting *United States v. Hicks*, 217 F.3d 1038, 1045 (9th Cir. 2000)). Again, the jury was instructed that knowingly possessing any federally controlled substance is sufficient to establish the *mens rea* element of the crime with which Cash was charged. Differences in the legal status of marijuana between state and federal law could be confusing to juries in applying the *mens rea* instruction, so the district judge could reasonably have thought it helpful to instruct the jury that marijuana is

a federally controlled substance.  The instruction that marijuana is a federally controlled substance was not "misleading or . . . inadequate to guide the jury's deliberations." *United States v. Maloney*, 699 F.3d 1130, 1138 (9th Cir. 2012) (quoting *United States v. Powell*, 955 F.2d 1206, 1210 (9th Cir. 1991)).  Like the instruction regarding the elements of the crime, the instruction accurately stated the law.  *See* 21 U.S.C. § 841(b)(1)(B)(vii).  The standard of review is a deferential one, and the trial judge did not abuse his discretion in providing the jury with a clarifying instruction.

**AFFIRMED.**